## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OYO HOTELS, INC. d/b/a OYO ROOMS, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:19-CV-2909-K |
| MAINGATE WORLDWIDE, LLC, | § § | |
| Respondent. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Respondent Maingate Worldwide, LLC's Motion to Dismiss the First Amended Petition to Compel Arbitration for Improper Venue or, in the Alternative, to Transfer Venue to the Middle District of Florida (Doc. No. 13). The Court has carefully considered the motion, the response, the reply, the supporting appendices, the relevant record, and the applicable law. Because Petitioner OYO Hotels, Inc. d/b/a/ OYO Rooms did not meet its burden to establish that venue properly lies in this District, the Court **GRANTS** the motion as it relates to improper venue. However, the Court **DENIES** the motion as to dismissing the case and, instead, **transfers** the case to the Middle District of Florida, where venue properly lies.

ORDER – PAGE 1

## I.     Factual Background

The factual allegations from Petitioner OYO Hotels, Inc. d/b/a OYO Rooms' ("OYO") First Amended Petition to Compel Arbitration ("Petition") are well-taken by the Court. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."); *see also Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013)(Lynn, J.) (court must accept as true all allegations in the complaint and resolve all conflicts in the petitioner's favor).

Petitioner OYO filed its First Amended Petition to Compel Arbitration ("Petition") (Doc. No. 9) pursuant to Section 4 of the Federal Arbitration Act ("FAA") alleging this Court has subject matter jurisdiction based on diversity. *See* 28 U.S.C. § 1332. Petitioner OYO is a Delaware corporation with its principal place of business in Dallas, Texas. Respondent Maingate Worldwide, LLC ("Maingate") is a Florida limited liability company whose two members are citizens of Florida and New York, respectively.

Respondent Maingate operated a hotel in Kissimmee, Florida ("the Florida Hotel"). Petitioner OYO alleges that it entered into a Marketing and Operational

Consulting Agreement ("Agreement") with Respondent Maingate on March 15, 2019, involving the Florida Hotel.  Petitioner OYO attached the two-page Agreement to its Petition.  According to Petitioner OYO, it "agreed to provide capital improvement assistance and marketing consulting services to [the Florida Hotel] and facilitate reservations for and booking of [the Florida Hotel's] rooms."  In exchange, Respondent Maingate allegedly agreed to book the Florida Hotel's rooms through Petitioner OYO, "provide all facilities, equipment, and staffing to operate its hotel property, and receive a reduced share of the revenue generated by its guests."  On September 12, 2019, Respondent Maingate tendered a Notice of Breach and Demand for Damages to Petitioner OYO.  As alleged in the Petition, a dispute arose over "the parties' performance" under the Agreement.  (Neither party provides any detailed allegations regarding the alleged breach, including whether one or both were the breaching party.) Based on an arbitration provision in the Agreement, Petitioner OYO submitted a demand for arbitration which Respondent Maingate has refused.

Petitioner OYO subsequently filed its Petition in this Court seeking an order compelling Respondent Maingate to arbitrate the disputes arising out the Agreement which contains an arbitration provision.  Petitioner OYO also seeks an injunction to prevent Respondent Maingate from "pursuing alternative remedies in any other court

or administrative proceeding." Respondent Maingate filed this motion to dismiss that

is currently before the Court.

## II.    Legal Standards and Applicable Law

A defendant may move the court to dismiss a case because venue is not proper

in the district where the case is filed. *See* FED. R. CIV. P. 12(b)(3). For all civil actions

brought in a United States district court, venue is proper in:

> (1) A judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated; or (3) if there
> is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant
> is subject to the court's personal jurisdiction with respect to such
> action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether

the case falls within one of the three categories set out in § 1391(b). If it does, venue

is proper; if it does not, venue is improper, and the case must be dismissed or

transferred under § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W.*

*Dist. of Tx.*, 571 U.S. 49, 56 (2013). The language of Section 1391 "makes clear that

venue in 'all civil actions' must be determined in accordance with the criteria outlined

in that section", and does not permit a court to consider "other, extrastatutory

limitations on the forum in which a case may be brought." *Id.*

There is a split of authority in the Fifth Circuit as to which party bears the burden of proof regarding venue once a Rule 12(b)(3) motion has been made. *See Nuttall*, 984 F. Supp. 2d at 642 n. 3; *TGM Wind Servs., LLC v. Bartusek*, Civ. Action No. 3:16-CV-1007-N, 2016 WL 9527980, at *1 n. 1 (N.D. Tex. Sept. 9, 2016)(Godbey, J.).  The majority of courts place the burden of establishing venue on the plaintiff. *See Galderma Labs., L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017)(Lynn, C.J.); *TGM Wind Servs.*, 2016 WL 9527980, at *1 n. 1 (citing *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 n. 2 (W.D. Tex. 2016)).  This Court will follow the majority.

If the court does not hold an evidentiary hearing on the motion, a plaintiff may satisfy its burden by presenting facts that, taken as true, would establish venue. *Broadway*, 173 F. Supp. 3d at 473.  The court must accept as true all allegations in the complaint and resolve all conflicts in the plaintiff's favor. *Nuttall*, 984 F. Supp. 2d at 642.  The court may also consider evidence in the record beyond those facts alleged in the complaint and its proper attachments. *Id.* at 643 (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).  "[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco*, 570 F.3d at 238.

## III.   Analysis

In its motion to dismiss, Respondent Maingate argues that all acts or omissions relating to the formation of the Agreement occurred in the Middle District of Florida and that substantially all of the acts or omissions giving rise to the parties' dispute also occurred in the Middle District of Florida.  Respondent Maingate provides facts in support, including:  Petitioner OYO's representatives visited Respondent Maingate's Florida Hotel to "pitch" the business opportunity; all substantive discussion regarding the business deal took place in person at the Florida Hotel; the Agreement was signed by both parties in person at the Florida Hotel; and the Agreement concerns the operation of the Florida Hotel by Petitioner OYO.  In its response, Petitioner OYO contends venue is proper in this District because individuals with knowledge of the parties' business relationship are in Dallas, and its computer systems dealing with reservations, rooms, and revenue generate data relied on by its employees in Dallas.  In its reply, Respondent Maingate maintains that Petitioner OYO "fails to establish that *any* of the events or omissions giving rise to the claim occurred anywhere but in the Middle District of Florida."

The Court finds that Petitioner OYO failed to satisfy its burden of establishing that venue is proper in the Northern District of Texas.  First, the Court notes that Petitioner OYO does not allege in its Petition or argue in its response that venue is proper in this District under either Section 1391(b)(1) or (b)(3).  Therefore, the Court turns to Section 1391(b)(2), as the sole basis asserted by Petitioner OYO.  Section 1391(b)(2) requires that "a *substantial part* of the events or omissions *giving rise to the claim* occurred" in this District.  *See* § 1391(b)(2) (emphasis added).  "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts must still be substantial."  *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008).  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  *Cont'l W. Ins. Co. v. Liepke Invs., Ltd.*, Civ. Action No. 3:10-CV-1701-P, 2011 WL 13216993, at *2 (N.D. Tex. Mar. 8, 2011)(Solis, J.) (internal quotations omitted); *see also Broker's Home, L.L.C. v. Trans Union. L.L.C.*, Civ. Action No. 07-846-JJB, 2008 WL 11350295, at *2 (M.D. La. Apr. 15, 2006) (quoting *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 455-56 (E.D. Pa. 2003) ("[T]hus, the test for determining venue is not the defendant's 'contact' with a particular district, but rather the location of those events or omissions giving rise to the claim.")).  The Court recognizes that "substantiality" under Section 1391(b)(2) "is

more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not simply adding up the number of contacts." *Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 722.  Although the Northern District of Texas does not have to be the place where the most relevant events took place, this District's contacts "must still be substantial." *See McClintock*, 299 F. App'x at *2.

In its motion, Respondent Maingate contends that venue is improper in this District because all events pertaining to the Agreement occurred in the Middle District of Florida, and most, if not all, of the events or omissions giving rise to this dispute occurred in Florida.  In support, Respondent Maingate submits the following facts:  (1) Petitioner OYO's representatives, including the person who signed the Agreement on behalf of Petitioner OYO's, visited the Florida Hotel and Respondent Maingate's principal in Kissimmee, Florida; (2) "all substantive discussions" regarding the business opportunity between the parties involved Respondent Maingate's principal, who is a Florida resident, and Petitioner OYO's representative, who resides in India but spends time in Florida, as well as another representative of Petitioner OYO who also resides in Florida; (3) all in-person discussions occurred at the Florida Hotel; (4) the Agreement was signed by both parties' representatives in-person at the Florida Hotel; (5) the Agreement involves the Florida Hotel of which Petitioner OYO assumed the

ORDER – PAGE 8

operations; (6) neither contracting party is a Texas business entity; (7) Petitioner OYO is a Delaware corporation which became qualified to do business in Texas months after the Agreement was signed; and (8) Respondent Maingate's principal had no knowledge of any ties to Texas during these business discussions, believing instead that this involved an international brand with ties to India.

In its Petition, Petitioner OYO alleges venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred here. (It is undisputed that the Agreement does not contain a venue provision or forum selection clause.) However, there are no factual allegations pertaining to venue in this District. In its response to Respondent Maingate's motion, Petitioner OYO submits only the following "factual support" for venue properly lying in this District:

> Multiple individuals with relevant knowledge of the commercial relationship between the parties are located in Dallas. Moreover, OYO Rooms maintains and operates computer systems to take reservations, allot rooms, and calculate revenue shares; OYO Rooms employees who rely on data generated and stored by these computer systems are located in Dallas, Texas.

It is Petitioner OYO's burden to submit facts that, when taken as true, establish proper venue. *Broadway*, 173 F. Supp. 3d at 473; *Nuttall*, 984 F. Supp. 2d at 642. Taking these facts as true, Petitioner OYO does not provide any further detail, let alone explanation, as to how these facts are "a substantial part of the events or omissions giving rise" to this dispute between the parties. *See* § 1391(b)(2). Petitioner OYO cites

ORDER – PAGE 9

the Court to a two-page declaration in support of its "factual support," but fails to cite to any specific paragraph(s) which might explain how these facts are "a substantial part of the events or omissions *giving rise to the claim* [that] occurred[.]"  § 1391(b)(2) (emphasis added).  Petitioner OYO does not establish through these "facts" that venue is proper in this District.  Moreover, Petitioner OYO does not dispute or provide any evidence refuting Respondent Maingate's facts supporting venue being proper in the Middle District of Florida.  *See Ambraco*, 570 F.3d at 238 ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

        "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cont'l W. Ins. Co.*, 2011 WL 13216993, at *2.  Taking the facts Petitioner OYO's presented as true and resolving all conflicts in its favor, Petitioner OYO does not establish "a substantial part of the events or omissions giving rise" to this dispute between the parties occurred in this District.  *See Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 722 (court considers "the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum" and does not "simply add[] up the

number of contacts."). The Court concludes Petitioner OYO did not carry its burden to establish venue is proper in this District. *See Broadway*, 173 F. Supp. 3d at 473; *Nuttall*, 984 F. Supp. 2d at 642 (court must accept as true all allegations in the complaint and resolve all conflicts in the plaintiff's favor). The Court concludes that the undisputed facts establish this case should have been brought in the Middle District of Florida, which includes Osceola County (the county that includes the City of Kissimmee), as venue properly lies there. *See* 28 U.S.C. § 89(b).

The Court now must determine whether to dismiss the case or transfer to the proper venue. "[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (internal citation omitted). "The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, Civ. Action No. 3:06-CV-0419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006)(Lynn, J.); *see Glazier Grp., Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S. D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice."). Respondent Maingate moves the Court to dismiss the case but to transfer in the alternative. Petitioner OYO asks

that the Court transfer the case rather than dismiss it, should the Court decide venue is improper in this District.  The Court concludes that in the interest of justice, this case should be transferred to the Middle District of Florida.  *See* 28 U.S.C. § 1406(a).

IV.    **Conclusion**

The Court **grants in part** Respondent Maingate's Motion to Dismiss for Improper Venue, as venue does not properly lie in this District.  The Court **denies** Respondent Maingate's motion to the extent it seeks dismissal of this case.  Instead, the Court  hereby **transfers** this case to the Middle District of Florida where venue does properly lie.

**SO ORDERED.**

Signed June 3rd, 2020.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE